IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMAR M. MEAKENS, #M54537, ) <br> ) <br>           **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> CHAD JENNINGS, and ) <br> KASEY REDMAN, ) <br> ) <br>           **Defendants.** ) | Case No. 24-cv-01931-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lamar M. Meakens, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims Defendants have incorrectly calculated his sentence credit and seeks monetary damages as well as immediate release from prison. (Doc. 1, p. 6).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was sentenced on April 1, 2024 in DuPage County Case No. 2020CF2111 to 10 years in prison with eligibility for 50% good time (Doc. 1, pp. 7, 10, 21-22). He was awarded 1,232 days of credit for his pre-sentencing incarceration and should have been awarded another 1,232 days of good

1

behavior allowance, for a total of 6.8 years of sentence credit. Plaintiff would be entitled to immediate release if his credits were properly calculated. Plaintiff requested Records Office Supervisor Redman and Warden Jennings to recalculate his sentence credits, without success. The response to Plaintiff's grievance confirms that November 17, 2025 is his correct release date according to prison records (Doc. 1, p. 9).

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1:   Claim against defendants for failing to correctly calculate Plaintiff's sentence credit, thus subjecting him to incarceration beyond the date he should have been released.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Plaintiff is not entitled to the relief he seeks in this civil rights case. First, Plaintiff's claim for money damages based on his allegedly wrongful incarceration is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (emphasis in original).

Plaintiff does not claim that his convictions or sentences have been reversed, expunged, or otherwise invalidated by a state or federal court. If this Court were to award him damages, such an order would necessarily imply that his sentence is invalid. Therefore, Plaintiff cannot maintain a claim for damages in this case.

Secondly, release from custody is not an available remedy in a § 1983 civil rights case. As such, this Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute – in this case 42 U.S.C. § 1983 – is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus). "If a prisoner seeks by his suit to shorten the term of his imprisonment, he is challenging the state's custody over him and must therefore proceed under the habeas corpus statute with its requirement of exhausting state remedies[.]" *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991). While a federal habeas corpus action under 28 U.S.C. § 2254 is available for a state prisoner to seek release from custody, the exhaustion requirement dictates that all claims must first be presented to the Illinois courts.

For these reasons, Count 1 and this case will be dismissed without prejudice to Plaintiff bringing his claims in state court, or in a properly filed federal habeas corpus action.

## Disposition

The Complaint and this action are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The Court counts the dismissal of this action

as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).  The claim for damages in Count 1 is dismissed **without prejudice**.[1]

When a Complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies.  *See* FED. R. CIV. P. 15(a).  However, leave to amend need not be granted if further amendment would be futile.  *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).  It is clear from the Complaint that Plaintiff's claim for damages is currently *Heck*-barred, and his request for release from custody is not cognizable in a § 1983 action.  Therefore, the Court concludes that further amendment of Plaintiff's claims in this action would be futile.  Accordingly, the dismissal of this case is **with prejudice** and without leave to amend.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

---

[1] A *Heck*-barred claim must be dismissed without prejudice so the claim may be refiled later if the conviction or sentence is eventually invalidated.  *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011); *Mockbee v. Lee*, No. 20-2004, 2021 WL 5918556, at *2 (7th Cir. Dec. 15, 2021).

2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, the Clerk is **DIRECTED** to send Plaintiff a blank habeas corpus petition under 28 U.S.C. § 2254 pursuant to his request (Doc. 1, p. 6).

**IT IS SO ORDERED.**

**DATED:  September 30, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
